IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DANIEL VAN, # 13156-026,** )  ) | |
| **Plaintiff,** ) ) | |
| vs. ) ) | Case No. 14-cv-892-MJR |
| **FEDERAL BUREAU of PRISONS,** ) ) | |
| **Defendant.** ) | |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff is currently incarcerated at the United States Penitentiary at Marion ("Marion"), where he is serving a 180-month sentence after pleading guilty to distribution of crack cocaine. *United States v. Van*, Case No. 03-cr-10033 (C.D. Ill., Doc. 48). He brings the instant complaint under the Administrative Procedures Act, 5 U.S.C. § 706(2)(A). Specifically, he seeks to compel the Bureau of Prisons ("BOP") to reclassify an earlier conviction as a "non-violent offense" in order to make him eligible for a sentence reduction for his participation in the Residential Drug Abuse Program ("RDAP").

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A and shall dismiss this claim.

**The Complaint**

Plaintiff explains that prisoners who successfully complete the RDAP are eligible for a sentence reduction of up to one year, which is granted at the discretion of the BOP (Doc. 1, p. 1-2). This benefit is only available, however, to prisoners who have been convicted of a nonviolent offense. 18 U.S.C. § 3621(e)(2)(B). Further, the implementing regulations provide that certain inmates shall not be eligible for early release, including those who have a prior conviction for one of the enumerated offenses (for example, robbery, aggravated assault, and kidnaping). 28 C.F.R. § 550.55(b)(4).

Prior to his federal drug conviction, Plaintiff had several convictions in Illinois state court (Doc. 1, p. 8). They include a conviction for battery in December 1981; three aggravated battery convictions in July 1984, September 1984, and December 1993; and domestic battery in August 1997. Only one of these offenses, the December 1993 aggravated battery, was determined to be a "precluding offense" under 28 C.F.R. § 550.55(b)(4), which made Plaintiff ineligible for the early release benefit. *Id*. It was deemed to be the equivalent of an "aggravated

assault" as listed in the regulations.

Plaintiff asserts that the BOP's discretionary finding that his 1993 aggravated battery conviction was a "violent" offense was "arbitrary and capricious, an abuse of discretion and not in accordance with the law," under 5 U.S.C. § 706(2)(A) (Doc. 1, p. 2). He claims that other inmates who have prior offenses either identical to or more serious than his own have been found eligible for the sentence reduction. The BOP looks beyond the statute under which an inmate was convicted, and relies on the particular offense conduct as described in the inmate's PSR (pre-sentence report) in order to determine whether a particular conviction qualifies as a "violent felony" (Doc. 1, p. 4). Plaintiff argues that the BOP's consideration of the PSR documents runs afoul of *Descamps v. United States*, 133 S. Ct. 2276 (2013). He asserts that "the facts don't matter" and the BOP should have considered only the elements of the Illinois Aggravated Battery statute when assessing his eligibility for a sentence reduction.

Plaintiff requests an injunction ordering the BOP to find that his prior aggravated battery conviction is not a precluding offense, so that he may receive a sentence reduction for his successful completion of RDAP (Doc. 1, p. 5).

**Discussion**

The RDAP is an intensive drug treatment program for federal inmates with documented substance abuse problems. *See* 28 C.F.R. § 550.53. If an inmate "successfully complet[es]" the RDAP, he can receive a sentence reduction of up to 12 months. 18 U.S.C. § 3621(e)(2)(B); 28 C.F.R. §§ 550.54(a)(1)(iv), 550.55(a)(2). Here, Plaintiff asserts that he did successfully complete the program. The BOP, in an administrative decision, found that his prior aggravated battery conviction made him ineligible for any sentence reduction.

The APA permits judicial review of an agency's decisions, including those made

by the BOP, *except* when the decision is committed to agency discretion by law or another federal statute specifically precludes review. 5 U.S.C. § 701(a). Under 18 U.S.C. § 3621(e)(2)(B), Congress delegated to the BOP broad discretion to grant or deny the one-year reduction to eligible prisoners upon successful completion of the program. *Lopez v. Davis*, 531 U.S. 230, 241 (2001). "When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, *but not the duty*, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment." *Id*. (emphasis added).

Further, Congress specifically provided that the BOP's discretionary determinations made pursuant to § 3621 are not subject to judicial review under the APA. 18 U.S.C. § 3625. "The plain language of this statute specifies that the judicial review provisions of the APA, 5 U.S.C. §§ 701-706, do not apply to 'any determination, decision, or order' made pursuant to 18 U.S.C. §§ 3621-3624." *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011); *accord*, *Richmond v. Scibana*, 387 F.3d 602, 605 (7th Cir. 2004) ("[a] placement decision itself is not open to challenge under the APA"). Therefore, any decision made by the BOP to deny a sentence reduction for an inmate who has completed RDAP may not be challenged in an action brought pursuant to the APA. *See also Lopez v. Rios*, 553 F. App'x 610 (7th Cir. 2014) ("An APA action contesting a discretionary denial of early release after successful completion of drug treatment indeed is categorically barred by § 3625."); *Durance v. Cross*, No. 13-cv-926, 2014 WL 285095 at *2 (S.D. Ill. Jan. 27, 2014).[1] Accordingly, Plaintiff's claim for redress based on an alleged violation of the APA has no legal merit.

Further, Plaintiff's argument that under *Descamps v. United States*, 133 S. Ct. 2276 (2013), the BOP improperly considered the facts of his prior offense conduct contained in

---

[1] This Court also found in *Durance* that the petitioner could not seek habeas corpus relief under 28 U.S.C. § 2241 for her loss of eligibility for early release when she was terminated from the RDAP.

the PSR is unavailing.  *Descamps* discussed whether a court may review such documents as the charging instrument or the terms of a guilty plea, as it decides whether a prior burglary conviction should be considered a "violent felony" for sentence-enhancement purposes.  The Court ruled that where the burglary statute under which the defendant had been convicted was not "divisible" into alternative elements, the sentencing court may not consider those additional documents, and must look only to the statute defining the offense.  *Descamps* applies to the proper scope of review of a defendant's offense history by a sentencing court, when it addresses the defendant's eligibility for a sentencing enhancement under the Armed Career Criminal Act, 18 U.S.C. §§ 924(e)(1) & (e)(2)(B).  This decision places no limits on an administrative agency's discretionary review of an inmate's criminal history in making a decision on his eligibility for a reduction in his sentence.

To the extent that Plaintiff attempted to articulate alternative claims that the BOP's action violated his rights to equal protection and violated the Sixth Amendment, those claims shall also be dismissed with prejudice.

In summary, Plaintiff's complaint fails to state a claim upon which relief may be granted.  This action shall be dismissed under 28 U.S.C. § 1915A.

**Disposition**

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir.

1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e)[2] may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: September 8. 2014**

s/ MICHAEL J. REAGAN
**U.S. District Judge**

---

[2] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).